UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON SANDBERG,

           Plaintiff,

  v.

SUPERINTENDENT RON VAN BOENING et al.,

           Defendants.

No. 09-5347RBL/JRC

REPORT AND RECOMMENDATION

**NOTED FOR:**
**August 28, 2009**

This 42 U.S.C. §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

This matter comes before the court upon plaintiff's motions for temporary restraining orders that would prevent prison officials from transferring him to another facility (Dkt. # 6 and 11).

Having considered the entire file, the undersigned recommends the motion be DENIED.

REPORT AND RECOMMENDATION- 1

## FACTS AND PROCEDURAL HISTORY

In the original complaint plaintiff alleges he is mentally and physically disabled. He alleges a failure to make accommodation for his disabilities, failure to make photo copies for court, and retaliation in the form of infractions and reclassification (Dkt. # 1).

While the Court was waiting for plaintiff to provide service documents, plaintiff filed a Motion for Appointment of Counsel, a Motion to Amend the Complaint, and two Motions for Temporary Restraining Orders (Dkt. # 6, 7, 10 and 11).

In the two Motions for Temporary Restraining Orders plaintiff complains of plans to transfer him to another facility. Plaintiff alleges another inmate broke into his storage area and obtained papers listing his crime. Plaintiff was later told by inmates to check into protective custody (PC). Inmates may not allow other inmates with certain convictions to live in general population and they force these inmates to seek protection from prison officials. Plaintiff alleges Prison Official's are going to attempt to move him to another facility and possibly try to move him into general population.

## DISCUSSION

The reason for injunctive relief is to preserve the status *quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) unless relief is granted, the moving party will suffer irreparable injury; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4)

REPORT AND RECOMMENDATION- 2

the public interest favors granting relief.  Id.  Under the alternative standard, the moving party can meet its burden by demonstrating either: (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.  Id.  (citations omitted).

Plaintiff fails to show any irreparable injury.  An inmate has no liberty interest in being at any specific facility and has no liberty interest in his classification level.  Olim v. Wakinekona, 461 U.S. 238 (1983); Hewitt v. Helms, 459 U.S. 460 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, the Court recommends that the motions for Temporary Restraining Orders be DENIED.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 28 **2009,** as noted in the caption.

Dated this 4th day of August , 2009.

>*/s/ J. Richard Creatura*
>J. Richard Creatura
>United States Magistrate Judge

REPORT AND RECOMMENDATION- 3