UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON WILLIAM SANDBERG,

    Plaintiff,

v.

SUPERINTENDENT RON VAN BOENING, *et al*.,

    Defendants.

CASE NO. C09-5347RJB/JRC

ORDER DENYING MOTIONS AND SETTING FORTH THE CLAIMS THE COURT FINDS IN THE AMENDED COMPLAINT FOR CLARIFICATION

    This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion for appointment of counsel, (ECF No. 94), and defendant's motion for a more definite statement, (ECF No. 97). Both motions are DENIED.

    This is plaintiff's fourth motion for appointment of counsel (ECF No. 7, 19, 29, and 94). As has been pointed out to plaintiff on several previous occasions, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court can request counsel to represent a party, 28 U.S.C. § 1915(e) (1), the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success

ORDER - 1

on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has had difficulty formulating a working complaint. This would indicate a need for counsel; however, plaintiff has failed to show the court that he has exhausted any of his issues or that he has a likelihood of success on the merits. The court has been extremely lenient in granting extensions of time and allowing plaintiff to amend the complaint. The court now has documents that contain the operative facts (ECF No. 96). The case may proceed. This does not mean the plaintiff has shown a likelihood of success on the merits. The motion for counsel is **DENIED**.

In light of the procedural posture of this case, the motion for a more definite statement is not well taken. Plaintiff alleges that he is mentally ill or mentally disabled (ECF No. 96, portion of the complaint on the standard form, page 3 statement of the claim). His initial filings contained only conclusory statements without any operative facts (ECF No. 18). Prior to service, plaintiff asked for leave to amend the complaint and he was given that opportunity (ECF No. 20). The amended complaint contained only the addition of defendant Karin Arnold (ECF No. 34).

Plaintiff was ordered to file a second amended complaint with operative facts (ECF No. 39). A second amended complaint seeking monetary damages of One Hundred and Seventy Five Thousand Dollars ($175,000) was received and the court ordered service (ECF No. 45). Defendants filed an answer and a motion to dismiss within two weeks (ECF No. 60 and 61). The motion to dismiss contained a motion to stay discovery; that motion was granted (ECF No. 64). Prior to the court issuing a Report and Recommendation on the motion to dismiss, plaintiff filed an appeal to the Ninth Circuit regarding the stay of discovery (ECF No. 67). This stayed the action until the Ninth Circuit could address the appeal.

The court re-noted the motion to dismiss after the appeal was dismissed (ECF No. 74). The court issued a Report and Recommendation to deny plaintiff's motion and the Report and Recommendation was adopted (ECF No. 78 and 82). The court held that the complaint was deficient, but that plaintiff should be given an opportunity to amend if he could allege a constitutional violation that had been exhausted through the grievance system (ECF No. 82).

Plaintiff took issue with the court's order and filed a second appeal to the Ninth Circuit (ECF No. 86). That appeal was also dismissed (ECF No. 92). Plaintiff was given a last chance to file an acceptable complaint and he has filed ECF No. 96.

The new complaint contains a three-page form, a three-page "statement of facts," and twenty-nine pages of declarations and exhibits (ECF No. 96). In the three-page form, plaintiff alleges that on March 18, 2009, Karin Arnold denied him access to courts in violation of his First Amendment rights and that he was discriminated against by not being allowed into the mental health program in violation of his Eighth Amendment rights (ECF No. 96 Page 3). He alleges that he was moved to Stafford Creek, where he was again denied access to courts by his counselor Richard Groff (ECF No. 96 Page 3). It is not clear if plaintiff alleges the transfer was retaliatory or not. He claims that he was denied access to the courts because he was denied photocopying privileges.

He further alleges he was again moved to a facility that did not have any in-patient mental health program and that he was entitled to in-patient mental health treatment. He alleges an equal protection or equal opportunity violation regarding his not being provided in-patient treatment (ECF No. 96 Page 3). He also alleges his disability was not being accommodated as required by the ADA in violation of this Fourteenth Amendment rights.

In his three-page "statement of facts," plaintiff alleges he has exhausted his administrative remedies through letters and the filing of grievances. The remainder of this document contains plaintiff's legal opinions and case citations.

In the twenty-nine pages of attachments, plaintiff provides a statement supporting his claims on pages 1 through 5. He attaches letters, kites, grievances and other supporting documentation on pages 6 through 17. Pages 18 and 19 contain page numbers 2 and 3 in the lower right hand corner and the court considers them as part of the complaint, as they contain a continuation of the claims. The rest of the documents are copies of letters sent by plaintiff in an attempt to resolve his issues.

The court will liberally construe the filings as noted above. These pleadings appear to include all of the facts that plaintiff has to give. Therefore, the motion for a more definite statement is **DENIED**.

A new scheduling order will issue after an answer has been filed.

The clerk is directed to remove Dkt. # 94 and 97 from the court's calendar.

DATED this 10th day of May, 2011.

J. Richard Creatura
United States Magistrate Judge